IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDY COLT SHUEMAKER, #277722,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:12-CV-835-WHA |
| ) | [WO] |
| ) | |
| EDWARD ELLINGTON, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Brandy Colt Shuemaker ["Shuemaker"], an indigent state inmate. In the complaint, Shuemaker challenges conditions to which she was subjected during her confinement at the Montgomery Women's Pre-Release Facility.

Pursuant to the orders of this court, the defendants filed written reports supported by relevant evidentiary materials, including affidavits, disciplinary/personnel actions and medical records, in which they addressed the claims for relief presented by Shuemaker. The reports and evidentiary materials refute the self-serving, conclusory allegations presented by Shuemaker in the complaint.

In light of the foregoing, the court issued an order directing Shuemaker to file a response to the defendants' written reports. *Order of November 15, 2012 - Doc. No. 14*. The order advised Shuemaker that her failure to respond to the reports would be treated by

the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [her failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Shuemaker for filing a response in opposition to the defendants' reports expired on December 3, 2012. As of the present date, Shuemaker has failed to file a response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed. In addition, when this case was reassigned to another District Judge on August 22, 2014, the notice of that reassignment sent to the plaintiff was returned to this court with the notation, "Return to Sender, Unauthorized, Refused."

   The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Shuemaker is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against her would be ineffectual. Additionally, Shuemaker's inaction in the face of the defendants' reports and documentary evidence suggests a lack of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure her compliance would be unavailing. When this case was reassigned to another District Judge on August 22, 2014, the notice of that reassignment sent to the plaintiff was

returned to this court with the notation, "Return to Sender, Unauthorized, Refused." Consequently, the court concludes that the plaintiff's failure to comply with an order of this court warrants dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before October 13, 2014 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of September, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE